IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIOUS EUGENE BLOCK                                                  PLAINTIFF

v.                                Civil No. 4:18-cv-04103

PEP GLEN, Administrator, Nevada County
Detention Center; GOVERNOR
ASA HUTCHINSON; JAILER ASHLEY ISLEY;
SUPERVISOR KAREN GHORLEY; JAILER
TOMMY MILLER; JAILER MIKE DAVIS;
JAILER ASHLEY TURNER; JANE AND JOHN
DOE MEDICAL STAFF MEMBERS                      DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## BACKGROUND

Plaintiff filed his Complaint on June 29, 2018. (ECF No. 1). That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 3). According to Plaintiff's Complaint, he is currently incarcerated in the Arkansas Department of Correction, Delta Regional Unit, in Dermott, Arkansas. (ECF No. 1). His Complaint concerns events that occurred when he was incarcerated in the Nevada County Detention Center. The Complaint asserts claims of: (1) excessive force, (2) denial of medical care, (3) medical negligence, and (4) denial of due process of the law. (ECF No. 1). Plaintiff seeks compensatory and punitive damages.

## APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

A cause of action under 42 U.S.C. § 1983 requires a deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Accordingly, in order to state a claim under section 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). It is well settled that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In order to prevail on a claim for deprivation of medical care, an inmate must show that a prison official was deliberately indifferent to his serious medical need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

As noted above, Plaintiff makes a claim for "medical negligence" against Defendants Governor Asa Hutchinson, Administrator Pep Glen, Karen Ghorley, Ashley Turner, Ashley Isley, Mike Davis, Tommy Miller, and the Nevada County Detention Center Medical Staff. It is well settled that negligence does not rise to the level of a constitutional violation under either the Eighth Amendment's prohibition against cruel and unusual punishment or the Fifth Amendment's Due Process Clause. *See Farmer*, 511 U.S. at 835; *Tribble v. Ark. Dep't of Human Servs.*, 77 F.3d 268, 270 (8th Cir. 1996); *Williams*, 474 U.S. 327. Accordingly, Plaintiff's claim for medical negligence should be dismissed for failure to state a claim under section 1983.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim for medical negligence is **DISMISSED WITHOUT PREJUDICE** as to all Defendants. Because this claim is the only claim asserted against Separate Defendant Governor Asa Hutchinson, the Clerk of Court is instructed to terminate him as a defendant. Plaintiff's other claims remain for further proceedings. Service will be addressed by separate order.

**IT IS SO ORDERED**, this 15th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge