IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIOUS EUGENE BLOCK                                   PLAINTIFF

v.                           Civil No. 4:18-cv-04103

PEP GLEN, Administrator, Nevada County
Detention Center (NCDC); JAILER ASHLEY ISLEY;
SUPERVISOR KAREN GHORLEY; JAILER
TOMMY MILLER; JAILER MIKE DAVIS;
JAILER ASHLEY TURNER; JANE AND JOHN
DOE MEDICAL STAFF MEMBERS                      DEFENDANTS

## **ORDER**

Plaintiff Willious Eugene Block filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was signed and dated as true under penalty of perjury. (ECF No. 1, 2). Before the Court is Defendants' Motion for Facts to be Deemed Admitted filed by Separate Defendants Preston Glenn, Ashley Isley, Karen Ghorley, Tommy Miller, Mike Davis, and Ashley Turner. (ECF No. 22).

On February 14, 2019, Separate Defendants filed a Motion for Summary Judgment and Statement of Undisputed Material Facts. (ECF Nos. 17, 18, 19). The Court entered an order directing Plaintiff to file a response to the Motion for Summary Judgment on or before March 12, 2019. (ECF No. 21). The Order advised Plaintiff that failure to timely respond would result in all the facts set forth by Defendants in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c), and/or subject the case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment.

1

In the instant Motion, the Separate Defendants ask the Court to deem the facts set forth in their Statement of Undisputed Material Facts admitted pursuant to Local Rule 56.1. (ECF No. 22). Although the local rules allow the Court to deem these facts admitted when a plaintiff does not file a response specifically disputing those facts, the Eighth Circuit has stated:

> [a] plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirement of a verified complaint, 28 U.S.C. § 1746. Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive summary judgment motion.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-995 (8th Cir. 2001). Consequently, the Eighth Circuit went on to hold that there was a genuine issue of material fact that precluded summary judgment against the *pro se* plaintiff because he had alleged in his verified complaint facts that contradicted the defendants' statement of facts.

In the present case, Plaintiff has submitted a verified complaint. Accordingly, Defendants' Motion for Facts to be Deemed Admitted (ECF No. 22) is **GRANTED in part** and **DENIED in part**. The portions of Defendants' Statement of Undisputed Material Facts that do not conflict with Plaintiff's verified complaint will be deemed admitted.

IT IS SO ORDERED this 30th day of April 2019.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE